# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 10-826V
Filed: June 2, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * <br> KIM SUMMERS, as parent and legal      * <br> representative of CASSITY SUMMERS,   * <br>                                    * <br>                 Petitioner,       * <br>                                    * <br> v.                                   * <br>                                    * <br> SECRETARY OF HEALTH              * <br> AND HUMAN SERVICES,             * <br>                                    * <br>                 Respondent.      * <br>                                    * <br> * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED <br><br> Special Master Dorsey <br><br> Petitioner's Motion for Dismissal <br> Decision; Insufficient Proof of <br> Causation; Vaccine Act Entitlement; <br> Human Papillomavirus ("HPV") <br> Vaccines; Polycystic Ovarian <br> Syndrome; Tachycardia; Pancreatitis |

Sean Greenwood, Gauthier Houghtaling & Williams, Houston, TX, for Petitioner.
Debra Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On December 2, 2010, Kim Summers ("petitioner"), as the parent and legal representative of Cassity Summers, filed a petition pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that Cassity suffered from polycystic ovarian syndrome, tachycardia, and pancreatitis, and that these injuries had been caused by the human papillomavirus ("HPV") vaccines Cassity received on December 5, 2007, March 21, 2008, and June 9, 2009. Petition ("Pet") at 1.

On May 28, 2014, petitioner filed a motion for a dismissal decision. In her motion, petitioner indicates that "an investigation of the facts and science supporting her case has

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Motion at 1. Petitioner's counsel states that he has advised petitioner that the requested decision will result in a judgment against her, and that such a judgment will end all rights in the Vaccine Program. Id. Respondent has no objection to petitioner's motion.[2]

To receive compensation under the Vaccine Act, petitioner must prove either 1) that Cassity suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that Cassity suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Cassity suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Cassity's injuries were caused by a vaccination.

Under the Vaccine Act, petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[2] Contrary to the assertion made by petitioner in her motion to dismiss, respondent did not have an opportunity to advise petitioner of her position prior to the filing of the motion. After the motion was filed, respondent's counsel advised the undersigned's chambers via email that she had no objection to the requested relief.